# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA A. SIGALA,<br><br>   Plaintiff,<br><br>   v.<br><br>CARMAX AUTO SUPERSTORES, LLC,<br><br>   Defendant. | Case No. 1:14-cv-01451-SAB<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING DEFENDANT'S MOTION TO STRIKE; AND DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM<br><br>(ECF Nos. 19, 20, 21, 22, 24, 25, 26) |

Currently before the Court are Defendant's motion to dismiss Plaintiff's first amended complaint and motion to strike portions of the complaint. The Court heard oral arguments on January 28, 2015. (ECF No. 28.) Counsel Joshua Charles Anaya appeared for Plaintiff Sigala, and counsel Jamie L. Keeton appeared for Defendant CarMax Auto Superstores California LLC (hereafter "Defendant" or "CarMax"). Id. Having considered the moving, opposition and reply papers, exhibits attached thereto, arguments presented at January 28, 2015 hearing, as well as the Court's file, the Court issues the following order.

## I.

## PROCEDURAL BACKGROUND

Plaintiff Patricia A. Sigala filed this action on August 7, 2014, in the Superior Court of California, County of Fresno, against CarMax alleging violation of California's Consumer's

1  Legal Remedies Act ("CLRA"), California Civil Code ¶ 1750 et seq., and Unfair Competition
2  Law ("UCL"), California Business and Professions Code § 17200 et seq., and fraud and deceit.
3  (ECF No. 1-1.) On September 17, 2014, Defendant removed this action to the Eastern District of
4  California on the basis of diversity under 24 U.S.C. § 1441. (ECF No. 1.) On September 24,
5  2014, Defendant filed a motion to dismiss and a motion to strike portions of the complaint.
6  (ECF Nos. 4, 5.) The parties have consented to the jurisdiction of the Magistrate Judge. (ECF
7  Nos. 8, 9.)

8  On November 10, 2014, the Court issued an order granting Defendant's motion to
9  dismiss with leave to amend and denying the motion to strike. (ECF No. 17.) On November 24,
10 2014, Plaintiff filed a first amended complaint. (ECF No. 19.) On December 8, 2014, Defendant
11 filed a motion to dismiss the first amended complaint, motion to strike portions of the first
12 amended complaint, and a request for judicial notice. (ECF Nos. 20, 21, 22.) Plaintiff filed an
13 opposition to the motions and request for judicial notice on January 14, 2015. (ECF Nos. 24,
14 25.) Defendant filed a reply on January 20, 2015. (ECF No. 26.)

## II.

## COMPLAINT ALLEGATIONS

17 CarMax is a car dealership. (First Am. Compl. ¶ 2., ECF No. 19.) Approximately six
18 months before purchasing a vehicle from CarMax, Plaintiff saw a television advertisement for
19 CarMax that touted the benefits of purchasing a certified vehicle. (Id. at ¶ 8.) Plaintiff also
20 heard radio advertisements and visited CarMax's website on several occasions. (Id.) Plaintiff
21 wanted to purchase a vehicle from CarMax because of the selection of inventory, and, most
22 importantly, due to representations that inspections are performed on the vehicles which CarMax
23 certifies for sale. (Id.)

24 Plaintiff had previously purchased a Hummer from CarMax after seeing it advertised on
25 CarMax's website. (Id. at ¶ 9.) When seeing the Hummer advertised on the website, Plaintiff
26 noticed CarMax's representations that it inspects and certifies all the vehicles that it sells. (Id.)
27 Plaintiff had previously held a dealer license and purchased vehicles at auction, so she wanted to
28 know the history of the vehicle she was purchasing and did not want a vehicle that was a prior

rental or had been involved in an accident.  (Id. at ¶ 10.)  Plaintiff believed that CarMax's certification of its vehicles addressed her concerns and the representation that CarMax certified its vehicles was a key selling point in deciding to purchase a vehicle from CarMax.  (Id.. at 11.)

After purchasing the Hummer, Plaintiff discovered that it had a faulty odometer.  (Id. at ¶ 12.)  CarMax initially refused to repurchase the Hummer or assist Plaintiff until after she filed a complaint with the California Department of Motor Vehicles.  (Id.)  After Plaintiff filed her complaint, CarMax agreed to repurchase the vehicle from her.  (Id.)

On August 8, 2011, Plaintiff returned the Hummer.  (Id. at ¶¶ 5, 13.)  Plaintiff needed to purchase another vehicle, so she spoke with Alma Lopez, a CarMax employee, about a 2010 Mercedes Benz GLK350 that was on the lot.  (Id. at ¶ 13.)  Ms. Lopez took Plaintiff on a test drive in the vehicle; and they discussed that CarMax inspects and certifies its vehicles.  (Id. at ¶ 14.)  Ms. Lopez also informed Plaintiff that CarMax provides vehicle history reports to its customers.  (Id.)  After driving the vehicle and hearing Ms. Lopez describe CarMax's inspection of its vehicles, Plaintiff decided to purchase the Mercedes.  (Id.)

Ms. Lopez took Plaintiff into the showroom; and she was shown documents related to the vehicle.  (Id. at ¶ 15.)  Plaintiff asked Ms. Lopez if the vehicle had been involved in an accident.  (Id. at ¶ 16.)  Ms. Lopez represented that the vehicle was not involved in an accident and showed Plaintiff a vehicle history report for the Mercedes on the computer screen which did not list any accident history.  (Id.)  Ms. Lopez further represented that the vehicle was a "one-owner vehicle" and did not identify the vehicle as a former rental.  (Id. at ¶ 17.)  Prior to purchasing the vehicle, Plaintiff was not provided with a completed inspection report indicating all the components that CarMax inspected to certify that the Mercedes had met the terms of the used vehicle certification program.  (Id. at ¶ 18.)

At some point after purchasing the vehicle, Plaintiff began having extensive problems with it including: 1) the rear differential needed to be replaced at a cost of approximately $3,200.00; 2) the electrical wiring harness for the solenoid of the camshaft needed to be replaced; and 3) the electric driver's seat switch failed.  (Id. at ¶ 21.)  Plaintiff alleges upon further inspection she discovered that the vehicle had been a former rental vehicle and had been

1  in a rear-end collision on or about May 25, 2011.  (Id. at ¶ 22.)

2      Plaintiff brings three causes of action.  The first cause of action seeks punitive damages
3  and injunctive relief under the CLRA.  Plaintiff alleges the CLRA was violated by advertising,
4  selling, and labeling the vehicle as certified without providing the completed inspection report
5  indicating all components that were inspected to meet the terms of the vehicle inspection
6  program; misrepresenting and failing to disclose the prior accident damage; inducing Plaintiff's
7  reliance by showing her with a clean vehicle history report that did not disclose the prior accident
8  damage; advertising and selling the vehicle as certified when it had sustained prior accident
9  damage; failing to clearly identify the vehicle's prior rental status; advertising and selling a
10 defective vehicle as certified; and violating Vehicle Code section 11713.18(a).  (Id. at ¶ 37.)
11 Plaintiff seeks punitive damages and injunctive relief enjoining CarMax from such conduct in
12 the future.  (Id. at ¶¶ 43, 44.)

13     In her second cause of action, Plaintiff contends that these same actions constitute
14 violation of the UCL.  (Id. at ¶¶ 47-48.)  Plaintiff seeks injunctive relief enjoining CarMax from
15 such conduct in the future.  (Id. at ¶ 53.)

16     Plaintiff's third cause of action is for fraud and deceit alleging that Ms. Lopez falsely
17 represented the vehicle as certified, that the vehicle had not been involved in an accident, and
18 failed to identify the vehicle as a former rental vehicle.  (Id. at ¶¶ 55-70.)  Plaintiff contends that
19 CarMax knew the representations were false when they were made and intended Plaintiff to rely
20 on them when she purchased the vehicle.  (Id. at ¶¶ 64-67.)

21 **III.**
22 **LEGAL STANDARD**

23     Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on
24 the grounds that a complaint "fail[s] to state a claim upon which relief can be granted."  A
25 complaint must contain "a short and plain statement of the claim showing that the pleader is
26 entitled to relief." Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not
27 require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-
28 unlawfully harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell

4

Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  In assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true.  Iqbal, 556 U.S. at 678-79.  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. at 678.

In deciding whether a complaint states a claim, the Ninth Circuit has found that two principles apply.  First, to be entitled to the presumption of truth the allegations in the complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).  Second, so that it is not unfair to require the defendant to be subjected to the expenses associated with discovery and continued litigation, the factual allegations of the complaint, which are taken as true, must plausibly suggest an entitlement to relief.  Starr, 652 F.3d at 1216.

## IV.

## DISCUSSION

Defendant moves to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that the first amended complaint and each cause of action fail to state a claim upon which relief can be granted.  (Mot. to Dismiss Pl.'s First Am. Compl. 3, ECF No. 20.)  As in the first motion to dismiss, Defendant argues that the complaint is largely premised on the fact that CarMax has a policy of providing its customers with two different inspection reports, a single sided document provided to the customer with the purchase documents and a two-sided certification certificate that is signed by the technician who performed the inspection of the vehicle.  (Mem. of P. & A. 8, ECF No. 20-1.)  Defendant alleges that Plaintiff had purposely deleted the previous argument that these documents are not sufficient to meet the requirement of California Vehicle Code section 11713.18(a) to plead factually deficient legal conclusions.  (Id. at 8-9.)  Defendant argues that Plaintiff does not state that she did not receive the inspection report which is provided pursuant to CarMax's policy, but merely offers the conclusory statement that she was not shown a completed inspection report indicating all the components inspected to certify the vehicle under CarMax's certification program.  (Id. at

9.) Defendant contends that the failure to plead what Plaintiff was provided fails to state a claim for a violation of Vehicle Code section 11713.18(a)(6). (Id.) Additionally, Defendant argues that Plaintiff has not alleged facts to show she has actual damages as required to obtain standing under the CLRA and UCL. (Id. at 10.)

The Court previously found that the claims in this action are grounded in fraud which requires Plaintiff to plead with "more specificity including an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." (Order Granting Def.'s Mot. to Dismiss and Denying Def.'s Mot. to Strike 6-7, ECF No. 17 (quoting Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007). Therefore, this is the standard that shall be used in evaluating whether the factual allegations in the complaint are sufficient to state a claim.

Initially, both parties request the Court take judicial notice of federal and state court decisions raising similar issues. As a general rule, the court may not consider any material outside the pleadings in ruling on a Rule 12(b)(6) motion. United States v. Corinthian Colleges, 655 F.3d 984, 998 (9th Cir. 2011). There are two exceptions to this rule, when the complaint necessarily relies on the documents or where the court takes judicial notice of documents. Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). Judicial notice may be taken "of court filings and other matters of public record." Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Lee, 250 F.3d at 689. The Court grants the parties' requests for judicial notice.

**A.     Statutory Claims**

Plaintiff's first amended complaint alleges that Defendant violated the CLRA and UCL by failing to provide a completed inspection report and misrepresenting the condition of the vehicle to Plaintiff. (ECF No. 19 at ¶ 7.)

1.     CLRA

The CLRA provides a list of unfair methods of competition and unfair or deceptive acts or practices that are unlawful if taken with the intended result or that result in the sale or lease of goods or services to a consumer. Cal. Civ. Code § 1770. The relevant conduct here is

1 misrepresenting the source, sponsorship, approval, or certification of goods or services. Cal. Civ. Code §1770(a)(2). Conduct that is likely to mislead a reasonable consumer violates the CLRA. Colgan v. Leatherman Tool Group, Inc., 135 Cal.App.4th 663, 680 (2006). "The CLRA is to be 'liberally construed and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection.' " Colgan, 135 Cal. App. 4th at 680 (citations omitted.)

2. UCL

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Bus. & Prof. Code § 17200. "An act can be alleged to violate any or all three of the prongs of the UCL—unlawful, unfair, or fraudulent." Stearns v. Select Comfort Retail Corp., 763 F.Supp.2d 1128, 1149 (N.D. Cal. 2010) (quoting Berryman v. Merit Prop. Mgmt., Inc., 152 Cal.App.4th 1544, 1554 (2007)). Plaintiff contends that Defendant's conduct violates all three prongs of the UCL.

"For an action based upon an allegedly unlawful business practice, the UCL 'borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable.' " Stearns, 763 F.Supp.2d at 1150 (citation omitted); see also Smith v. State Farm Mutual Automobile Ins. Co., 93 Cal.App.4th 700, 718-19 (2001) ("An 'unlawful' business activity includes 'anything that can properly be called a business practice and that at the same time is forbidden by law.'"). To state a claim the complaint must set forth with reasonable particularity the facts supporting the statutory elements of the violation alleged. Stearns, 763 F.Supp.2d at 1150. Since Plaintiff's unlawful claim arises under the conduct precluded by the CLRA, the Court shall evaluate the CLRA and UCL claims together.

3. Vehicle Code Section 11713.18

As relevant here, Vehicle Code Section 11713.18 provides that a car dealer may not sell any used car as certified unless, prior to the sale the dealer provides the buyer with a completed inspection report indicating all the components inspected. Cal. Veh. Code § 11713.18(a)(6). A violation of section 11713.18 is actionable under the CLRA. Cal. Veh. Code § 11713.18(b).

Plaintiff alleges that she was not provided a completed inspection report indicating all the components inspected prior to sale. At the pleading stage, this is sufficient to state a cognizable claim for a violation of Vehicle Code section 11713.18(b). Therefore, Plaintiff states a claim under the CLRA and UCL for an unlawful practice.

Defendant argues that Plaintiff failed to allege what she did receive when she purchased the vehicle and therefore fails to state a claim. A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the allegations in the complaint. Plaintiff has alleged that she did not receive a completed inspection report. At this stage of the litigation, Plaintiff's allegations are sufficient to state a claim for a violation of section 11713.18(b). Defendant's argument that Plaintiff received the CQI certificate, but failed to include the fact in her complaint, goes to Defendant's defense in this action and not to the failure to state a cognizable claim.

4. <u>Standing</u>

Once again, Defendant contends that a key issue for the claims under the CLRA and UCL is standing and Plaintiff has failed to plead that she was damaged by an unlawful practice and suffered any actual damages.

Both the CLRA and UCL require that a plaintiff have actual injury caused by the unlawful practice to bring a claim. <u>Stearns v. Ticketmaster Corp.</u>, 655 F.3d 1013, 1022 (9th Cir. 2011) (CLRA); <u>Kwikset Corp. v. Superior Court (Kwikset)</u>, 51 Cal.4th 310, 320 (2011) (UCL); <u>see</u> <u>also</u> <u>In re Vioxx Class Cases</u>, 180 Cal. App. 4th 116, 129 (2009) (The language of the CLRA "requires that plaintiffs in a CLRA action show not only that a defendant's conduct was deceptive but that the deception caused them harm."). While Plaintiff argues that she would not have purchased the vehicle if it had not been certified and this is sufficient to demonstrate standing, the first amended complaint does not contain sufficient allegations to state a plausible claim that Plaintiff was sold a car that was not certified.

Plaintiff argues that damages are not required to bring an action pursuant to section 11713.18(a). However, Plaintiff is bringing this action under the CLRA. The California Supreme Court has held that in order to bring an action under the CLRA, "not only must a consumer be exposed to an unlawful practice, but some kind of damage must result." <u>Meyer v.</u>

8

Sprint Spectrum L.P., 45 Cal. 4th 634, 641 (2009).  The Supreme Court considered the language of the statute[1] in finding that "if the Legislature had intended to equate 'any damage' with being subject to an unlawful practice by itself, it presumably would have omitted the causal link between 'any damage' and the unlawful practice, and instead would have provided something like 'any consumer who is subject to a method, act, or practice declared to be unlawful by Section 1770 may bring an action' under the CLRA."  Id.  Plaintiff must have actual damages to bring a claim under the CLRA.

Plaintiff alleges that the Mercedes could not be sold as certified because she did not receive a completed inspection report showing the components inspected prior to sale.  Relying on Kwikset, Plaintiff argues that the failure to supply the certificate itself is enough to establish standing because the statute requires the certificate to be provided to sell the vehicle as certified.  (ECF No. 24 at 5-6.)  In Kwikset, the plaintiffs alleged that the product they purchased was represented as being made in the USA, these representations were false, the plaintiffs relied on the representation, and would not have purchased the product had they known otherwise.  51 Cal.4th at 327-28.  The court found that the plaintiffs' reliance on the misrepresentation was sufficient to establish standing because they alleged they would not have purchased the product had they known it was not as advertised.  Id. at 330.

While the allegations in Kwikset were found to be sufficient to show the plaintiffs had actual damage, id. at 328-339, the plaintiffs in Kwikset purchased a product that was not as advertised.  The issue here is that Plaintiff has not alleged facts that are sufficient to plead that the vehicle she purchased was not certified.  The Court is not finding that Plaintiff cannot plead facts to state a claim, but that the facts as alleged do not state a claim.

Further, while Plaintiff argues that the certification was contrary to the actual condition of the vehicle, that it had been in an accident and was a prior rental vehicle, Plaintiff has not set forth any requirements for certification of the vehicle.  The mere facts that the vehicle had been a

---

[1] Pursuant to the statute, "Any consumer who suffers any damage as a result of the use or employment by any person of a method, act, or practice declared to be unlawful by Section 1770 may bring an action against that person to recover or obtain" actual or punitive damages, injunctive relief, and restitution of property.  Cal. Civ. Code § 1780.

1 prior rental and had been in an accident by themselves do not lead the Court to infer that the
2 vehicle did not pass CarMax's certification program. Section 11713.18 specifically sets forth
3 three situations in which a vehicle that has been in an accident cannot be sold as certified: 1) the
4 title to the vehicle has been inscribed as "salvage," "junk," "nonrepairable," or similar notation;
5 2) vehicles that have sustained frame damage; or 3) vehicles that have been damaged in an
6 impact that, after repair prior to sale, substantially impairs the use or safety of the vehicle. Cal.
7 Veh. Code § 11713.18(a)(3), (4), (5). There are no factual allegations in the first amended
8 complaint that any of these conditions apply here.

9    Plaintiff's first amended complaint does not allege that the car was not inspected or
10 certified by CarMax under its certification program. Although Plaintiff alleges that sometime
11 after she purchased the vehicle she began having problems with it, this is not sufficient for the
12 Court to infer that the vehicle did not go through CarMax's certification program. Plaintiff
13 wished to purchase a vehicle that had been through a certification program; and the allegations in
14 the complaint are not sufficient for the court to infer that she did not receive a certified vehicle.
15 See Chulick-Perez v. CarMax Auto Superstore California LLP, No. 2:13-cv-02329-TLN-DAD,
16 at *7 (E.D. Cal. Dec. 1, 2014) (absence of a completed inspection report does not bear on
17 whether an inspection occurred or entail that the vehicle was not certified).

18    Even those cases relied upon by Plaintiff pled more than the technical violation of failure
19 to provide the required certificate to provide standing for a violation of the CLRA and UCL.
20 Gullins v. CarMax Auto Superstores California, LLC, No. LA CV 13-093998 JAK (CWx), at *7
21 (C.D. Cal. June 23, 2014) (alleging that CarMax does a lax, worthless inspection, or finds
22 accident damage and defects and ignores them); Knapp v. CarMax Auto Superstores California,
23 LLC, No. CV 14-01112-BRO (SPx) at *2 (C.D. Cal. July 21, 2014) (vehicle returned for repairs
24 three times within the thirty day warranty period and five additional times for repairs related to
25 those repairs performed during the warranty period and continues to have related problems that
26 have not been remedied); Overholt v. CarMax Auto Superstores California, LLC, No. 2:13-cv-
27 02009-GEB-AC, *3, 6 (E.D. Cal. April 7, 2014) (vehicle was repaired six times within the first
28 sixteen months the vehicle was owned and plaintiff claimed she received an uncertified vehicle).

1    At the January 28, 2015 hearing, Plaintiff argued that the Court should reconsider its
2 position on standing based upon the recent decision in <u>Hermes v. CarMax Auto Superstores</u>
3 <u>California, LLC</u>, No. SACV 14-1714 JVS (JCGx) (C.D. Cal. December 15, 2014).  In <u>Hermes</u>,
4 during the test drive of a Toyota Tundra, Hermes noticed that the vehicle was pulling to the right.
5 The sales person told him that it "was not a big deal" and that the problem would be fixed after
6 the vehicle was purchased. <u>Id.</u> at 3.  Hermes also noticed a problem with the breaks. <u>Id.</u> at *3-
7 4.  Hermes was assured that the vehicle had not been in an accident and "everything on the vehicle
8 was clean." <u>Id.</u> at *4.  After the test drive and based on the representations of the salesperson,
9 Hermes decided to buy the vehicle. <u>Id.</u>.  Approximately a week after the purchase, Hermes
10 noticed significant roof damage. <u>Id.</u>  Hermes brought the vehicle back to the dealer who
11 performed an alignment, replaced the brake pads, and fixed a portion of the roof. <u>Id.</u>  The
12 alignment did not fix the problem and Hermes contended that the roof repair was improper. <u>Id.</u>
13 Hermes alleged that he was sold an accident damaged vehicle that could not be certified pursuant
14 to California law. <u>Id.</u>  The <u>Hermes</u> court, without any analysis "accepted that Hermes did not
15 receive a completed 'inspection report[]" and found that the allegations that he was damaged
16 because the car was unlawfully advertised and sold as a certified vehicle and he would not have
17 purchased an uncertified vehicle. <u>Id.</u> at *7.

18   The Court finds this case distinguishable from <u>Hermes</u>.  In <u>Hermes</u>, the plaintiff alleged
19 facts to show that there were mechanical problems with the vehicle at the time of the test drive
20 and frame damage existed at the time of purchase that required repair.  The plaintiff's allegations
21 were sufficient for the <u>Hermes</u> court to infer that the vehicle had problems at the time of
22 purchase that should have been discovered if it had been inspected and would have prevented the
23 vehicle from passing the certification process.  Therefore, the plaintiff in <u>Hermes</u> did suffer
24 actual damage because he purchased a vehicle that was advertised as certified when the facts
25 alleged were sufficient to infer that the vehicle could not have passed the certification.
26 Therefore, the plaintiff paid for a certified vehicle and would not have paid the same price had he
27 known the vehicle was not certified.

28   In this instance, Plaintiff alleges that she purchased the vehicle, sometime after purchase

11

1 it required repair, and she discovered it had been in a rear end accident prior to the purchase. Plaintiff has not pled facts to show that there were any problems with the vehicle at the time of purchase or that the vehicle had any accident damage that would have prevented it from being sold as certified. Absent such factual allegations, there is no basis for the Court to infer that the Mercedes did not pass CarMax's certification process.

Plaintiff has not pled facts to allege the Mercedes she purchased had not been inspected and not passed the CarMax certification program. Plaintiff wanted to purchase a vehicle that had been through a certification program and the allegations in the complaint are not sufficient to show that the Mercedes she purchased was not certified under CarMax's certification program. Plaintiff has not shown that she sustained actual damage from the failure to provide a completed inspection report.

For this reason, Plaintiff does not have standing to bring a claim based upon the failure to provide a completed inspection report indicating all the components inspected. Defendant's motion to dismiss the CLRA and unlawful UCL claim shall be granted.[2]

**B.   Fraud**

Defendant moves to dismiss the fraud claims arguing that Plaintiff has failed to plead any facts sufficient to meet the heightened pleading standard of Rule 9. Plaintiff argues the claim properly states a claim for fraud without substantively addressing Defendant's argument that the claim has not been plead with particularity.

Rule 9 provides that to plead fraud or mistake, a party "must state with particularity the

---

[2] Neither of the parties have set forth any arguments regarding Plaintiff's allegations that the actions of Defendant violated the unfair and fraudulent provisions of the UCL. A business practice is fraudulent under the UCL if members of the public are likely to be deceived. Davis v. HSBC Bank Nevada, N.A., 691 F.3d 1152, 1169 (9th Cir. 2012). The UCL does not define the term unfair and the definition is currently in flux among California courts. Davis, 691 F.3d at 1169. Regardless of the test used, the Court finds that Plaintiff has failed to state a claim under either prong of the UCL.
   Plaintiff's claims under the CLRA and UCL have an intent requirement. Wilson v. Hewlett-Packard, Co., 668 F.3d 1136, 1145 (9th Cir. 2012). To survive a motion to dismiss the CLRA and UCL claims, Plaintiff must sufficiently allege that CarMax was aware of the defect at the time of the sale. Wilson, 668 F.3d at 1145. "[T]he failure to disclose a fact of which the defendant is not aware does not constitute an unfair or fraudulent practice. Daugherty v. American Honda Motor Co., Inc., 144 Cal.App.4th 824, 838-39; In re Sony, 758 F.Supp.2d 1077, 1090 (S.D. Cal. 2010). Since Plaintiff has not alleged facts sufficient to infer that CarMax had knowledge of the rental status or accident history of the Mercedes, Plaintiff has not pled facts to show that CarMax failed to disclose a fact of which it was aware. Therefore, Plaintiff has failed to state a claim under any of the three prongs of the UCL.

12

circumstances constituting fraud. . . ." Fed. R. Civ. P. 9(b).  As previously stated, this requires Plaintiff to plead with "more specificity including an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz, 476 F.3d at 764 (internal punctuation and citations omitted).

The elements for a cause of action for fraud under California law are "(a) misrepresentation (false representation, concealment, or nondisclosure ); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." Kearns, 567 F.3d at 1126 (quoting Engalla v. Permanente Med. Group, Inc., 15 Cal.4th 951, 974 (Cal.1997)).

### 1. <u>Certification of Vehicle</u>

As discussed above, Plaintiff has failed to allege any facts from which the Court can infer that the vehicle did not go through a certification process, or that the representation that the vehicle had been certified was fraudulent.  The allegations in the first amended complaint regarding the failure to provide a completed inspection report are insufficient to state a claim for fraud.

### 2. <u>Condition of the Vehicle</u>

Plaintiff contends that CarMax misrepresented the condition of the Mercedes to Plaintiff because it has been a former rental vehicle and had been involved in an accident.  Plaintiff alleges that CarMax either knew or should have known of the accident damage during any pre-sale inspection it performed on the Mercedes.  (ECF No. 19 at ¶ 64.)  Defendant argues that Plaintiff has failed to offer any facts to support the allegation that the vehicle had previously been a rental or that there was any damage to the vehicle from the alleged accident.

"[T]he elements of an action for fraud and deceit based on concealment are: (1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact,

13

the plaintiff must have sustained damage." Hahn v. Mirda, 147 Cal. App. 4th 740, 748 (2007) (quoting Marketing West, Inc. v. Sanyo Fisher (USA) Corp., 6 Cal.App.4th 603, 612–613 (1992)).

Plaintiff's complaint fails to state a claim for fraudulent concealment because the allegations in the complaint are insufficient to infer that Defendant concealed or suppressed a material fact. The first amended complaint alleges that Ms. Lopez told Plaintiff that CarMax provides vehicle history reports to its customers. (ECF No. 19 at ¶ 14.) While Ms. Lopez was showing Plaintiff documents related to the Mercedes, Plaintiff asked if the vehicle had been involved in an accident. Ms. Lopez showed Plaintiff a vehicle history report for the vehicle that did not list any accidents, but did not print out a copy of the report. (Id. at ¶ 16.) Ms. Lopez also represented that the vehicle was a "one-owner vehicle" without discussing who the prior owner was. (Id. at ¶ 17.) At some time after purchasing the Mercedes, Plaintiff began having extensive problems with it including: 1) the rear differential needed to be replaced at a cost of approximately $3,200.00; 2) the electrical wiring harness for the solenoid of the camshaft needed to be replaced; and 3) the electric driver's seat switch failed. (Id. at ¶ 21.) Further investigation revealed the vehicle had been a rental vehicle before it was purchased by Plaintiff. (Id. at ¶ 22.) Around May 25, 2011, during the time the Mercedes was a rental vehicle, it was involved in a rear end collusion. (Id.)

Plaintiff merely makes the allegation that upon further investigation it was discovered that the vehicle had previously been a rental vehicle. Plaintiff cites the California Code to argue that Defendant had the duty to disclose the prior rental status of the vehicle. Section 260.02 provides that former rental vehicles "shall be clearly identified as such if the previous status is known to the seller." 13 C.C.R. § 260.02. Plaintiff has not alleged any facts to show that Defendant was aware that the vehicle had been a rental; nor has she included any facts to support the allegation.

Plaintiff does not set forth any factual allegations showing what further investigation she conducted to discover the prior rental status of the Mercedes. Plaintiff's first amended complaint does not contain any factual allegations regarding how Defendant would have known the prior

14

rental status of the vehicle. To state a claim, Plaintiff must set forth sufficient factual allegations to show that Defendant was aware of the former rental status and concealed the fact with the intent to defraud Plaintiff. The conclusory statement that Plaintiff discovered the vehicle had previously been a rental is not sufficient to meet the Rule 9 pleading requirement.

Similarly, Plaintiff alleges the vehicle was in an accident around May 25, 2011. However, Plaintiff alleges that Ms. Lopez showed her the vehicle history report showing no history of any accidents. Plaintiff argues in opposition to Defendant's motion that she received a vehicle that had been damaged in an accident and required over $3,000.00 in repairs. The first amended complaint alleges that the rear differential needed to be replaced at a cost of approximately $3,200.00; the electrical wiring harness for the solenoid of the camshaft needed to be replaced; and the electric driver's seat switch failed, but does not include any facts as to when these repairs occurred, why they were necessary, or what caused the need for repair.

Plaintiff alleges that Defendant either knew or should have known of the accident damage during any presale inspection of the vehicle. Yet Plaintiff has included no facts regarding the actual damage sustained by the vehicle during the alleged accident; how she discovered the damage to the vehicle; or to show how an inspection would have revealed any accident damage to the vehicle.

Plaintiff's conclusory allegations regarding Defendant's knowledge and motives are insufficient to state a cognizable claim under the Rule 8 standard, much less the heightened pleading standard required by Rule 9.

**C.     Punitive Damages**

Defendant moves to dismiss the claim for punitive damages arguing that Plaintiff's first amended complaint is legally insufficient to show any intent on behalf of Defendant to allege fraud. (ECF No. 29-1 at 28.)

In order to establish a basis for punitive damages, Plaintiff must allege facts to show Defendant "has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(a). Plaintiff argues that the fact that CarMax fails to supply completed inspection reports for its certified vehicles and repeats this scenario hundreds of thousands of times makes this a significant

15

punitive damages case. (ECF No. 24 at 15.) However, as discussed, Plaintiff has failed to state a claim that Defendant engaged in any misrepresentation or fraud. Accordingly, Plaintiff has not pled the required malice, oppression, or fraud, to recover punitive damages. Defendant's motion to dismiss the punitive damages claim is granted.

### D. Motion to Strike

Defendant moves to strike certain portions of Plaintiff's first amended complaint. Rule 12(f) allows the Court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous manner." As the Court is granting Defendant's motion to dismiss the complaint, the motion to strike shall be denied.

### E. Leave to Amend

Defendant moves to dismiss the first amended complaint without leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires,'" Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). In determining whether to allow amendment of the complaint, the district court may, take into consideration such factors as "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." In re Morris, 363 F.3d 891, 894 (9th Cir. 2004).

Defendant posits that since Plaintiff did not comply with the Court's prior order to plead sufficient facts to state a claim; this proves that there are no additional facts which could be alleged to state a claim. Defendant contends that the complaint should therefore be dismissed without leave to amend.

The issues in this motion to dismiss are the same issues addressed in the November 10, 2014 order granting Defendant's prior motion to dismiss. Plaintiff has been provided with the standards that applied to her claims and received guidance from the Court as to why her allegations were insufficient to state a cognizable claim. During the January 28, 2015 hearing, Plaintiff's counsel stated that after the prior motion to dismiss was granted; he met with his client to go over the incidents alleged in the complaint. All facts that were within Plaintiff's

knowledge have been included in the complaint. Counsel conceded that there are no additional facts that could be included were the Court to grant leave to amend the complaint. For that reason, the Court finds that allowing Plaintiff to file an amended complaint would be futile and this action shall be dismissed without leave to amend.

## V.
## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss, filed December 8, 2014, is GRANTED;
2. Defendant's motion to strike, filed December 8, 2014, is DENIED;
3. This action is DISMISSED WITH PREJUDICE for Plaintiff's failure to state a claim; and
4. The Clerk of the Court is DIRECTED to close this action.

IT IS SO ORDERED.

Dated: **January 30, 2015**

UNITED STATES MAGISTRATE JUDGE