# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA A. SIGALA,<br><br>         Plaintiff,<br><br>    v.<br><br>CARMAX AUTO SUPERSTORES, LLC,<br><br>         Defendant. | Case No. 1:14-cv-01451-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR AN INDICATIVE RULING AND VACATING AUGUST 5, 2015 HEARING<br><br>(ECF Nos. 41, 42, 43) |

**I.**

**BACKGROUND**

Plaintiff Patricia A. Sigala filed this action on August 7, 2014, in the Superior Court of California, County of Fresno against Defendant CarMax Auto Superstores California LLC (hereafter "CarMax"). On September 17, 2014, Defendant removed the action to the Eastern District of California and filed a motion to dismiss and motion to strike on September 24, 2014. Plaintiff filed a first amended complaint on November 24, 2014. On December 8, 2014, Defendant filed a second motion to dismiss and a second motion to strike. A hearing was held on the motions on January 28, 2015. On January 30, 2015, an order issued granting Defendant's motion to dismiss and this action was closed.

Plaintiff filed a notice of appeal on February 25, 2015. On June 29, 2015, Plaintiff filed a motion for indicative ruling on motion for relief. Plaintiff's counsel contends that upon appellate

review it became apparent that this court lacked subject matter jurisdiction because Defendant did not establish by a preponderance of the evidence that the jurisdictional amount was met in this action. Defendant filed an opposition on July 21, 2015. Defendant contends that Plaintiff's motion is procedurally deficient, lack of jurisdiction cannot be raised as a collateral attack after entry of judgment, and jurisdiction was proper. On July 29, 2015, Plaintiff filed a reply.

The Court, having reviewed the record, finds this matter suitable for decision without oral argument. See Local Rule 230(g). Accordingly, the previously scheduled hearing set on August 5, 2015, will be vacated and the parties will not be required to appear at that time.

## II.

## DISCUSSION

Federal Rule of Civil Procedure 62.1 states that upon a timely motion for relief that the court lacks authority to grant because an appeal has been docketed and is pending, the court may defer considering the motion, deny the motion, or state that it would grant the motion if the court of appeals remand for that purpose or that the motion raises a substantial issue. Plaintiff requests that the Court indicate that it would grant the motion finding that subject matter jurisdiction was lacking in this action. As Defendant points out, Plaintiff has not submitted a motion for this Court to rule upon. Plaintiff merely states the opinion that this Court lacked jurisdiction to decide the action.

Defendant removed this action on the basis of diversity jurisdiction. District courts have original jurisdiction of all civil actions between citizens of different States in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). In this circuit, where the amount of damages is not specified in the complaint, it is the removing party's burden to show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. Lewis v. Verizon Communications, Inc., 627 F.3d 395, 397 (9th Cir. 2010); Abrego Abrego, 443 F.3d at 679; Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007).

The federal court has the duty to determine if it has jurisdiction over an action. Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974). Accordingly, this Court did

1 review the notice of removal and considered whether the jurisdictional amount had been met in
2 this action.  In the notice of removal, Defendant stated that Plaintiff was seeking rescission of the
3 purchase contract valued at $31,998.00, $36,000.00 in actual damages, $30,000.00 in punitive
4 damages, attorney fees as authorized by statute, and injunctive relief.  (Notice of removal 4-5,
5 ECF No. 1; Plaintiff's Statement of Actual and Punitive Damages, ECF No. 1-2.)  Defendant
6 stated that it had analyzed the cost of injunctive relief and found that the cost of the injunction
7 would significantly exceed $75,000.00.  (ECF No. 1 at 5.)  Although not addressed in the order
8 granting the motion to dismiss, since Plaintiff was not challenging Defendant's notice of
9 removal, the Court determined that given the relief sought, the jurisdictional amount had been
10 met.  The Court considered that in determining the effect of attorney fees on the jurisdictional
11 amount, Defendant had already incurred costs to remove this action and filed two motions to
12 dismiss.

13      In the reply, Plaintiff alleges that this action is like <u>Diaz v. CarMax Auto Superstores</u>
14 <u>California LLC</u>, 1:15-cv-00523-AWI-SAB (E.D. Cal.) in which this Court recommended remand
15 finding that Defendant had not proven the amount in controversy in the action.  However, in
16 <u>Diaz</u> the value of the vehicle at issue was approximately half of the vehicle at issue here.
17 Additionally, in <u>Diaz</u> the plaintiff filed a motion to remand and the defendant was provided with
18 the opportunity to present evidence on the amount in controversy.

19      The amount in controversy is merely an estimate of the total amount in dispute; and the
20 Ninth Circuit expressly contemplates that the district court will consider some evidentiary record
21 in determining the amount in controversy.  <u>Lewis</u>, 627 F.3d at 400.  While Plaintiff now
22 challenges the amount in controversy requirement, the Court cannot indicate that it would grant
23 the relief requested without allowing Defendant an opportunity to provide further briefing and
24 evidence to support its contention that in this instance the jurisdictional amount has been met.

25      In this instance, Plaintiff had the opportunity to challenge jurisdiction and did not do so.
26 Had the Court issued an order finding diversity jurisdiction res judicata would apply, <u>Chicot</u>
27 <u>County Drainage Dist. v Baxter State Bank</u>, 308 U.S. 371, 377 (1940), but that is not the case
28 here.  However, Plaintiff can raise jurisdiction at any time in the proceedings, even on appeal.

Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 571 (2004).  Accordingly, Plaintiff may raise jurisdiction with the Ninth Circuit in her appeal and if it is determined that this action must be remanded to the District Court to determine if the jurisdictional amount is met, this Court will set a briefing schedule for Plaintiff to file a motion challenging diversity jurisdiction.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an indicative ruling is DENIED; and
2. The August 5, 2015 hearing at 10:00 a.m. in Courtroom 9 is VACATED and the parties are not required to appear at that time.

IT IS SO ORDERED.

Dated:  **July 30, 2015**

UNITED STATES MAGISTRATE JUDGE